UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSHUA DICKSON,

    Plaintiff,

v.                                                Case No: 5:17-cv-31-Oc-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Joshua Dickson, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A. Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff protectively filed an application for SSI on January 31, 2013, alleging a disability onset date of December 10, 2011. (Tr. 188-94). Plaintiff's application was denied initially on June April 3, 2013, and upon reconsideration on September 24, 2013. (Tr. 121-26, 132-36). Plaintiff requested a hearing and, on September 2, 2015, an administrative hearing was held before Administrative Law Judge Douglas A. Walker ("the ALJ"). (Tr. 30-59). On October 7, 2015, the ALJ entered a decision finding that Plaintiff was not under a disability since the application date January 31, 2013. (Tr. 13-24). Plaintiff filed a request for review which the Appeals Council denied on December 1, 2016. (Tr. 1-6). Plaintiff initiated this action by filing a Complaint (Doc. 1) on January 25, 2017.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 31, 2013. (Tr. 15). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease and major depressive disorder. (Tr. 15). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b), limited as follows: the claimant requires work which is simple and unskilled. The claimant can lift and carry twenty (20) pounds occasionally and ten (10) pounds frequently; he can stand or walk for a total of six (6) hours, he can sit for a total of six (6) hours in an eight-hour day; he should avoid frequent ascending and descending stairs; he should avoid frequent pushing and pulling motions with his lower extremities (foot controls) within the aforementioned weight restrictions; due to mild to moderate pain and medication side effects, he should avoid hazards in the workplace such as unprotected areas of moving machinery; heights; ramps; ladders; scaffolding; and on the ground, unprotected areas of holes and pits; and he could perform each of the following postural activities occasionally: stooping, balancing, kneeling, crouching, and crawling, but not the climbing of ropes or scaffolds, and of ladders exceeding 6 feet. The claimant has nonexertional mental limitations which frequently affect his ability to concentrate upon complex or detailed tasks but he would remain capable of understanding, remember, and carrying out simple job instructions, making work-related judgments and decisions, responding appropriately to supervision, co-workers, and work situations, and dealing with changes in a routine work setting; he should avoid stressful situations such as frequently working with co-workers in a team; frequently working directly with the public; working with supervisors or co-workers where frequent interpersonal interaction or discussion is required; making few decision; and using little judgment.

(Tr. 17). At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a compiler. (Tr. 22).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 22). Specifically, the ALJ found that Plaintiff can perform such occupations as router, collater operator, and marker II. (Tr. 23). The ALJ concluded that Plaintiff had not been under a disability since January 31, 2013. (Tr. 23).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to fully and properly develop the record. (Doc. 22 p. 2, 5-7). In his brief, Plaintiff notes that the last evaluation regarding his physical impairments was more than two years before the date of the ALJ's decision, and that he was unable to afford medical treatment for his physical impairments. (Doc. 22 p. 6-7). Plaintiff argues that the ALJ should have ordered an updated consultative examination to include completion of a physical RFC assessment before making his decision. (Doc. 22 p. 7). In addition, Plaintiff argues that the ALJ improperly suggested that Plaintiff's complaints of pain were not entirely credible because Plaintiff was able to afford cigarettes, an expensive habit. (Doc. 22 p. 7). Plaintiff argues that the ability to afford cigarettes is not tantamount to the ability to afford health care. (Doc. 22 p. 7).

In response, Defendant argues that the ALJ adequately developed the record and substantial evidence supports the ALJ's finding that Plaintiff is capable of performing a reduced range of light work. (Doc. 23 p. 7-13). Further, Defendant argues that the ALJ properly discussed Plaintiff's continued pack-a-day cigarette use as a factor that undermined his statements that he was noncompliant with treatment, such as medication, because of lack of resources. (Doc. 23 p. 13).

An ALJ has a basic obligation to fully and fairly develop the record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. *See Cowart*, 662 F.2d at 735–36. This obligation rises to the level of a "special duty" only where a claimant has waived his right to representation by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). "[T]here must be a showing of prejudice before it is found that the claimant's right to due process has been

violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Id.*

Demonstrating prejudice "'at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision.'" *Coven v. Comm'r of Soc. Sec.*, 384 F. App'x 949, 951 (11th Cir. June 29, 2010) (quoting *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985)). "The court should be guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Coven*, 384 F. App'x at 951 (quoting *Graham*, 129 F.3d at 1423 (quotation marks omitted).

The regulations provide an ALJ "may" order a consultative examination "if" the evidence is insufficient to determine whether the claimant is disabled or the adjudicator cannot reach a conclusion about whether the claimant is disabled. *See* 20 C.F.R. § 416.920b(c)(3). Thus, an ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty*, 245 F.3d at 1281).

In this case, the Court finds that the ALJ did not err by failing to fully and fairly develop the record. As Defendant notes, Plaintiff was represented in the administrative proceeding (Tr. 30); thus, the ALJ did not have any heightened duty to develop the record. *See Brown*, 44 F.3d at 934; *see also Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 872 (11th Cir. 2016) ("Pennington ultimately bore the burden of producing evidence to support his claim of disability; because he was represented by counsel in the administrative proceeding, the ALJ was not subject to the heightened duty to develop the record that applies in proceedings involving unrepresented claimants.") (citations omitted). The ALJ had adequate medical and non-medical evidence to

assess Plaintiff's allegations of disabling back and neck pain. (Tr. 15-22). For instance, as discussed in the ALJ's decision, the record contained treatment notes, which reflected "essentially normal" findings on musculoskeletal examination. (Tr. 19, 535-38). Additionally, the medical records did not show Plaintiff required additional back surgeries, invasive treatments, recurrent emergency visits, or hospitalizations for his back pain during the relevant period. (Tr. 19, 533).

Further, the record contained opinion evidence regarding Plaintiff's physical impairments. In September 2013, State agency medical consultant David Guttman, M.D., reviewed Plaintiff's case file and opined he could perform work consistent with the light exertional range. (Tr. 19, 111-13). State agency medical consultants are highly qualified specialists who are also experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. § 416.927(e)(2)(i). Dr. Guttman's opinion supports the ALJ's determination that Plaintiff retained the ability to perform a range of light work during the relevant period.

The ALJ further developed the record by obtaining testimony from Plaintiff regarding his back pain, treatment history, and activities. (Tr. 33-49). The record also contained reports of Plaintiff's functioning from Plaintiff and a third party, which indicated Plaintiff could take care of his personal care independently, make simple meals, perform some household chores, drive, and shop. (Tr. 16, 242-44, 257-64, 288-302). Notably, in addition to the foregoing medical and non-medical evidence, the ALJ also confirmed at the hearing that Plaintiff's counsel had no objections to the exhibits of record (Tr. 32-58), further undermining Plaintiff's claim that the ALJ erred in developing the record.

Further, the Court does not find remand appropriate due to the ALJ's treatment of Plaintiff's cigarette use. In his decision, the ALJ found that Plaintiff's continued cigarette smoking

adversely affected his overall credibility that he had no more medical treatment because of lack of insurance, income, and resources. (Tr. 22). An ALJ's consideration of a claimant's use of discretionary funds to purchase cigarettes is an appropriate factor to consider. *See Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 944 (11th Cir. 2016).

It is a claimant's burden to demonstrate that he or she is disabled under the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Here, Plaintiff has failed to carry his burden of demonstrating that he is disabled. Accordingly, the Court will not disturb the ALJ's decision upon review.

**III. Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 9, 2018.

*[signature]*

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties